UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACKI MAINOUS,

    Plaintiff,

v.                                              Case No:   2:15-cv-576-FtM-29MRM

BARRY'S HOME FURNISHINGS, LLC,

    Defendant.

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause comes before the Court on the Joint Motion Requesting Approval of Settlement and Entry of an Order of Dismissal (Doc. 14) and Settlement Agreement, Waiver, and Release (Doc. 14-1) filed on March 15, 2016.  Plaintiff Jacki Mainous and Defendant Barry's Home Furnishings, LLC request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.  After review of the parties' submission, the Court recommends that the settlement agreement be approved.

    To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees.  *Id*. at 1353.  The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages.  *Id*.  When employees file suit, the proposed settlement must be presented

to the District Court for its review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff alleges that Defendant committed wage violations under the FLSA. (Doc. 14 at 1).   Defendant denies Plaintiff's allegations.   (*Id.* at 2).   Additionally, Defendant asserts that it properly compensated Plaintiff and that it does not owe monies to Plaintiff under the FLSA.   (*Id.*).   Based on these contentions, *bona fide* disputes exist in this case.

The parties agreed to settle this action to avoid the risks, costs, and time associated with protracted litigation.   (*Id.* at 4).   Moreover, the Parties argue that the settlement is "fair and reasonable" and advances judicial economy.   (*Id.*).

The Joint Motion Requesting Approval of Settlement (Doc. 14) and Settlement Agreement (Doc. 14-1) state that Plaintiff will receive $2,900.00 representing unpaid wages, $2,900.00 representing liquidated damages, and $200.00 for a general release.   (Docs. 14 at 2, 14-1 at 1 ¶ 1).   Upon consideration, the Court finds that the terms of the Settlement Agreement (Doc. 14-1) are reasonable as to wages, liquidated damages, and the general release.

Additionally, Defendants agreed to pay $5,000.00, representing Plaintiff's reasonable

attorneys' fees and costs in this action. (Docs. 14 at 2, 14-1 at 1 ¶ 1). As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement. In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

In the present case, the parties represent that the amount of attorneys' fees was negotiated as a separate amount apart from the amount to be paid to Plaintiff. (Doc. 14 at 2). Because attorneys' fees and costs were determined separately and apart from Plaintiffs' recovery, the Court finds that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs.

Finally, the Court notes that the Settlement Agreement states:

> Plaintiff hereby acknowledges and understands that she is advised that she may take as many as twenty-one (21) days to consider whether to sign this Agreement, and seven (7) days after signing in which to revoke this Agreement, which will not become effective or enforceable until the expiration of the seven (7)-day period.

(Doc. 14-1 at 4-5). Plaintiff signed the document on March 11, 2016. (*Id.* at 6). The Court waited until the seven-day revocation period expired to confirm that Plaintiff would not file a

notice revoking the Settlement Agreement. No such notice has been filed with the Court. The Undersigned finds no other reason to deny approval of the parties' motion and settlement agreement. Therefore, without contradictory evidence, the Settlement Agreement, Waiver, and Release (Doc. 14-1) appears to be a fair and reasonable resolution of the parties' FLSA issues.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the parties' Joint Motion Requesting Approval of Settlement and Entry of an Order of Dismissal (Doc. 14) be **GRANTED** and that the Settlement Agreement, Waiver, and Release (Doc. 14-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Respectfully recommended in Chambers in Fort Myers, Florida on March 21, 2016

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties